### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|         Plaintiff,       ) | |
| v.       ) | Case No. CR-20-314-SLP |
|       ) | Case No. CIV-25-1288-SLP |
| DOMINIC LANDRY,       ) | |
|         Defendant.       ) | |

### **O R D E R**

Before the Court is Defendant's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 53] and Supporting Memorandum [Doc. No. 54]. Although brought on a form governing § 2255 motions, Defendant seeks relief pursuant to Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G.") and, therefore, the Court construes the Motion as more appropriately brought pursuant to 18 U.S.C. § 3582(c)(2).[1]  Defendant invokes Part A of Amendment 821 and requests "removal of two criminal offense points." Mot. at 12; *see also* Memorandum at 1 ("The Defendant now seeks the removal of the above-mentioned two (2) criminal history points in congruence to the retroactive application of the United

---

[1] The Tenth Circuit has recognized that "[i]t is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Wesley*, 60 F.4th 1277, 1288 (10th Cir. 2023) (alteration in original) (quoting *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006)); *see also United States v. Maxwell*, No. 23-5068, 2023 WL 8109696 at * 1 n. 1 (10th Cir. Nov. 22, 2023) (rejecting government's argument to construe relief requested under § 3582(c) as § 2255 relief where the defendant did not argue that his original sentence was erroneous but instead that the sentence "would have been different today because Congress made the relevant sentencing provisions more lenient" (citation omitted)).  The Court further notes that no successive 2255 issues are present as Defendant has not previously moved for § 2255 relief.

States Sentencing Guidelines Amendment 821 Part A . . . .").

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Title 18 U.S.C. § 3582(c)(2) permits the Court to reduce the sentence of a defendant "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821 to the U.S.S.G. took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 reduces the assigned number of status points to either one (if the defendant had seven or more criminal history points) or zero (if the defendant had fewer than seven criminal history points).

The record establishes that on April 5, 2021, Defendant pled guilty to felon in possession of a firearm in violation of 21 U.S.C. § 922(g)(1). Doc. Nos. 23, 24, 46. On November 10, 2021, the United States Probation Office filed its Second Revised Final Presentence Investigation Report (PSR). Doc. No. 44. The PSR calculated a base offense level of 20, plus a four-point enhancement because Defendant possessed the firearm in connection with possession of controlled substances after a former conviction for possession of controlled substances. This resulted in an adjusted offense level of 24. *Id.*, ¶¶ 17-18, 22. After applying a three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 21. *Id.*, ¶¶ 24-26.

The PSR calculated a criminal history score of 10. *Id.*, ¶ 44. Two additional points (status points) were added because Defendant committed the offense while under a

criminal justice sentence. *Id.*, ¶ 45. A criminal history score of 12 established a criminal history category of V. *Id.*, ¶ 46. Combining Defendant's total offense level of 21 and criminal history category of V, the PSR recommended a guideline range of 70 to 87 months' imprisonment. *Id.*, ¶¶ 46, 74.

The Court adopted the PSR without changes. *Id.* The Court then sentenced Defendant to 87 months' imprisonment. Doc. Nos. 46, 47.

Application of Amendment 821 Part A reduces Defendant's criminal history score from 12 to 11. But even with this reduction, Defendant's criminal history category remains a V, and his guideline range remains unchanged. Thus, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. §1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment listed in [USSG § 1B1.10(d), including Amendment 821, part A] does not have the effect of lowering the defendant's applicable guideline range."). Accordingly, the Court lacks jurisdiction to reduce Defendant's sentence. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

IT IS THEREFORE ORDERED that Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 53], construed as a Motion brought pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines, is DISMISSED. Based on this ruling, the Court strikes the Order [Doc. No. 55] directing the Government to file a response.

IT IS FURTHER ORDERED that pursuant to this Order, the Clerk of Court is directed to terminate Case No. CIV-25-1288-SLP.

IT IS SO ORDERED this 30th day of October, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE